GEORGE DILLINGHAM vs. THE HAWAIIAN GOV-
ERNMENT.

EXCEPTIONS.

HEARING, APRIL 20, 1893.          DECISION, APRIL 29, 1893.

JUDD, C.J., BICKERTON J., AND COOPER, CIRCUIT JUDGE.

(Frear, J., having been of counsel in the case, by request
Circuit Judge Cooper sat in his stead.)

Action against the Hawaiian Government for damages for personal
injuries to plaintiff for allowing an excavation in a street in Hono-
lulu to remain without sufficient warning lights at night, into
which excavation plaintiff, driving a horse and buggy, was precipi-
tated and injured. The Court was requested by defendant's coun-
sel to charge the jury as follows: "If the jury find that the Road
Board made the excavation, it was their duty to place lights at
the scene of the accident; and whether they failed to do so or not,
you must find a verdict for the defendant, as the Road Board, and
not the defendant, is liable."

The statute, Section 2 of the Act of 1890, prescribes that the Road
Boards shall have the entire charge and control of the public labor
on all roads, bridges and public highways, supervision and control
of the expenditure of road taxes and moneys appropriated by the
Legislature. The Minister of the Interior appoints the road super-
visors on the nomination of the Road Board, and removes them at
their request.

Held, it was not in error to refuse to so charge.

OPINION OF THE COURT, BY JUDD, C.J.

The action was to recover damages of the Hawaiian Gov-
ernment for injuries to the person of the plaintiff on the 16th
of August last, the declaration alleging that the defendant by
its servants dug a large hole in King street, Honolulu, cov-
ered its bottom with stones and heaped up a large mound of

earth near it, obstructing the highway, and negligently left the hole in the night time of that day without placing or keeping any light or signal there to indicate danger, and in consequence of which negligence the carriage of plaintiff was driven into the hole and broken, and plaintiff was thrown out upon the stones and severely injured and several of his bones broken, whereby he suffered great pain·, and expense, etc. The jury found a verdict for plaintiff, $1000.

At the close of the trial the Court was asked to charge the jury, among other requests, "If the jury find that the Road Board made the excavation, it was their duty to place lights at the scene of the accident, and whether they failed to do so or not, you must find a verdict for the defendant, as the Road Board and not the defendant is liable."

This was refused and exceptions duly perfected bring the question to this Court.

In the case of *Peter High vs. The Hawaiian Government*, decided December 24, 1892, we held that the Act of 1888 (Chapter 51) allowing suits by persons who have claims against the Government to be brought, if the Justices of the Supreme Court shall be of opinion that the claim is a fair subject for judicial investigation, includes actions of tort committed by the officers or agents of the Government. In that case the tort complained of was committed by laborers under the direction of the Road Supervisor, who, as the law then stood, was appointed by the Minister of the Interior and removable by him. That decision holds that the Road Supervisor was a state officer and agent, and not the private servant or agent of the Minister, he being required by law to make the appointment, and that, therefore, the state was responsible for his acts done within the scope of his employment and authority.

The present case differs from that in these respects, that now the Legislature has provided by the Act of 1890 (Chapter 82, Section 2) that the "Road Boards shall have charge and control of the public labor on all roads, bridges and public highways, within their respective districts, and shall

have the supervision and control of the expenditure of all road taxes and all moneys appropriated by the Legislature and used in making and repairing the same, and in such amounts as the respective Boards or a majority of the members thereof may decide." The Minister of the Interior shall, "upon the nomination of the respective Road Boards or a majority of the respective Road Boards, appoint a competent person in each taxation district of the kingdom to be Road Supervisor for such taxation district." The Road Supervisor is also removable by the Minister of the Interior on the written request of the Road Board or a majority of its members.

Does this statute absolve the Government from responsibility for acts done by the Road Supervisors? This involves the question whether the method of appointment of the official has changed the nature of his responsibility. In the case of Peter High he was appointed directly by the Minister of the Interior. In the case before us the Road Board elected by the people nominates him and the Minister appoints him. Does he cease to be an officer or agent of the Hawaiian Government because so appointed? In the High case he was not, as we have seen, the agent of the Minister of the Interior, but of the Government. The Minister is not the Government, for he is himself a servant of the Government. The Government is the state representing the people. The statute enables the people, through the Road Board elected by it, to control more directly in the care of the public thoroughfares. The service is for the public benefit and it is paid for by the special road tax and by appropriations from the public treasury. The Road Supervisor gives a bond to the Minister for the faithful disposition of the moneys thus expended. With all this in view we hold that the Road Supervisor is the servant of the Government and according to the rule of *respondeat superior* the Government is responsible for his acts done in the scope of his authority and employment, and the legal method through which he receives his appointment is immaterial.

Much discussion has been had in the Courts of the United

States respecting the liability of municipal corporations and whether the acts complained of were done by servants of the corporation (that is, the particular city) or of the state itself. It must be borne in mind that no state of the United States can be sued by its citizens without its consent and none are liable for the torts of its servants. "No sovereign state has ever held itself liable to individuals for the misfeasance, laches or unauthorized exercise of power by officers and agents." *Gibbon vs. U. S.* 8 Wall. 269.

In this respect the Hawaiian Government is peculiar, having by the Act of 1888 (Chapter 51) surrendered its exemption from suit on account of the torts of its servants. In the states of the United States the effort of the plaintiff is to establish that the act was done by a servant of a municipality, for this can be sued whereas the state cannot be.

Judge Dillon, in 2 Municipal Corp., Section 974, says, "If the corporation appoints or elects the servants or agents, and can control them in the discharge of their duties, can continue or remove them, can hold them responsible for the manner in which they discharge their trust; and if those duties relate to the exercise of the *corporate* powers, and are for the peculiar benefit of the corporation in its local and special interest, they may be regarded as its agents or servants and the maxim of *respondeat superior* applies." The superior in this case being the corporation. "But if, on the other hand, they are elected or appointed by the corporation, in obedience to the statute, to perform a public service not peculiarly local or corporate, but because this mode of selection has been deemed expedient by the legislature in the distribution of the powers of the Government, if they are independent of the corporation as the tenure of their office and the method of discharging their duties, they are not to be regarded as the servants of the corporation for whose acts or negligence it is impliedly liable, but as public or state officers, with such powers and duties as the statute confers upon them, and the doctrine of *respondeat superior* is not applicable." That is, the municipal corporation would not

be liable if they were the servants of the state. In our case the Road Board is not a corporation, and the service of the Road Supervisor is not peculiarly local, but is for the public benefit, since the central government through the Road Boards has the care of the public roads and streets, and we have no municipal corporations to whom this duty might be entrusted.

In *Hill vs. Boston*, 122 Mass., 344, the Court held that the city of Boston was not liable to a child for an injury suffered by reason of the unsafe condition of a staircase in a school house which was provided by the city under the general law, on the principle that no private action unless authorized by express statute, can be maintained against a city, for the neglect of the public duty imposed upon it by a law for the benefit of the public and for the performance of which the corporation receives no benefit or advantage.

The counsel for the defendant relies upon *Maximillian vs. Mayor*, 62 N. Y. 160. Here the Court held that where by legislative enactment, a municipal corporation is required to elect or appoint an officer to perform a public duty, laid not upon it but upon the officer, in which it has no private interest, and from which it derives no special benefit or advantage, such officer is not a servant or agent of the municipality, and for his negligence or want of skill in the performance of his duty, or for that of a servant whom he employs, it is not liable; and this although the officer or servant has in charge and the negligence is in the use of, corporate property. In this case the duties imposed by law upon the commissioners of public charities and corrections were public in their character and from their performance no especial corporate benefit was derived. Accordingly it was held that the city corporation was not liable for the negligence of the commissioners in driving an ambulance belonging to the city which struck and caused the death of plaintiff's intestate. The decision is based upon the principle that the commissioners were state officers discharging a public duty and so the *city* was not liable, and if the *state* of New York was capa-

ble of being sued, it would follow that, on the doctrine of *respondeat superior*, it would be liable. This is our case exactly. Here we hold that the Road Board is an agent of the general government discharging public duties for the public benefit, and whether the acts complained of are done by it or by the Road Supervisor nominated by it, the Government is liable under the Act of 1888, referred to.

We therefore hold that it was not error to refuse the instruction requested and overrule the exception. Having arrived at this result it is not necessary to discuss the first point made by plaintiff, that the instruction should not have been given in the form presented because it assumes certain facts to be true which should be left to the jury.

*A. S. Hartwell*, of counsel for plaintiff.

*C. Creighton*, for defendant.